**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MATCH.COM, L.L.C. *Plaintiff*, v. FIESTA CATERING INTERNATIONAL, INC. (BARBADOS); FIESTA CATERING INTERNATIONAL, INC. (ANGUILLA); CYTEK LIMITED; KAMPARRI TRADING LTD; DAVID N. RICKHAM (an individual); and JOHN DOES 1-4 (individuals not yet identified) *Defendants* and XXXMATCH.COM and EROTICMATCH.COM *Domain Names (in rem).* | Civil Action No.: 1:12-cv-363 |

**FIRST AMENDED COMPLAINT**

Plaintiff, Match.com, L.L.C., by and through its counsel, for its *Complaint* against Fiesta Catering International, Inc. (Barbados); Fiesta Catering International, Inc. (Anguilla); Cytek Limited.; Kamparri Trading Ltd.; David N. Richkam, and John Does 1-4 (collectively, "Defendants"), and against the xxxmatch.com and eroticmatch.com domain names ("the Subject Domain Names"), alleges, upon knowledge as to its own

1

acts and circumstances, and upon information and belief as to the acts or circumstances of others, as follows:

### Nature of Action and Subject Matter Jurisdiction

1. This is a civil action for trademark infringement, unfair competition, false representation, false designation of origin, and cyberpiracy arising under the trademark laws of the United States, 15 U.S.C. §§1051 *et seq.*

2. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.

### Personal Jurisdiction and Venue

3. This Court has jurisdiction over Defendants and venue is properly laid in this District pursuant to 28 U.S.C. §1391(b), (c), and/or (d) in that, on information and belief, (1) Defendants either reside or regularly transact business in this District or have committed the tortious acts complained of herein within this District, which acts have caused and will cause injury to Plaintiff; (2) Defendants include aliens, who may be sued in any District; and/or (3) a substantial part of property that is the subject of the action is situated in this District.

4. This Court in the alternative has *in rem* jurisdiction over the Subject Domain Names pursuant to 15 U.S.C. § 1125(d)(2) in that the registry or other authority for domain names with the .com extension is located within this District.

## The Parties

5. Plaintiff, **Match.com, L.L.C.** ("Match.com"), is a limited liability company organized under the laws of the State of Delaware, and has a mailing address of P.O. Box 25458, Dallas, Texas, 75225.

6. Defendant **Fiesta Catering International, Inc.** (Barbados) is a corporation organized under the laws of the Country of Barbados, and has a place of business at Global Corporate Centre, 2 Pleasant View, Cave Hill, St. Michael, Barbados.

7. Defendant **Fiesta Catering International, Inc.** (Anguilla) is a corporation organized under the laws of the Country of Anguilla, and has a place of business at Babrow Building, The Valley Anguilla, British West Indies.  (Fiesta Catering International, Inc. (Barbados) and Fiesta Catering International, Inc. (Anguilla) shall be collectively referred to as "Fiesta").

8. Defendant **Cytek Limited** ("Cytek") is a entity that claims to have a place of business at Babrow Building, The Valley, Anguilla, British West Indies.

9. Defendant **Kamparri Trading Ltd.** ("Kamparri") is an entity that claims to have a place of business at 42 Dositheou Street, Strovolos, Nicosia, Cyprus, 2028 CY.

10. Defendant **David N. Rickham** ("Rickham") is an individual residing in the State of California upon information and belief at 1123 Sunset Hills Road, West Hollywood, California 90069 and is a Director of Fiesta. Mr. Rickham had actual knowledge of the unlawful activity complained of herein and induced, caused, and materially contributed to that activity, or ratified and adopted acts of trademark infringement or unfair competition, thereby making him liable both directly and along with the other Defendants as a joint tortfeasor.

11. Defendants **John Does 1-4** ("John Does") are individuals whose identifies at present are unknown to Plaintiff, and thus are being identified here by fictitious names, but who will likely be identifiable through discovery. The John Does are officers or directors of Fiesta or Cytek who had actual knowledge of the unlawful activity complained of herein and who induced, caused, and materially contributed to that activity, or who ratified and adopted the acts of trademark infringement or unfair competition, thereby making them liable both directly and along with the other Defendants as joint tortfeasors.

**The Subject Domain Names**

12. The domain name **xxxmatch.com** is registered to Defendant Kamparri. *See* Exhibit B ("WHOIS" printout). The top-level .com domain registry is operated by third party Verisign, Inc., which is headquartered in this District.

4

13. The domain name **eroticmatch.com** is registered to Defendant Kamparri. *See* Exhibit C ("WHOIS" printout). The top-level .com domain registry is operated by third party Verisign, Inc., which is headquartered in this District.

### Match.com's MATCH.COM® Service

14. Match.com pioneered online personals when it launched its MATCH.COM® service in 1995, and it is the biggest online dating, relationship, singles, and personals service in the world today. More than 15 million people have registered in the Match.com community since its formation.

15. Through this use, Match.com's **MATCH.COM®** trademark has become one of the most famous trademarks used with online dating and relationship services. As part of its commitment to protecting its brand, Match.com has also secured federal trademark registrations for the MATCH.COM® mark, including the following:

   (1) **MATCH.COM**
   U.S. Reg. No. 2,088,545 for "Computer services, namely, providing information regarding, and in the nature of, on-line dating and introduction services" (Int'l. Cl. 42)
   Date of Registration: August 19, 1997
   Application Date: May 8, 1995
   Use in Commerce: March 10, 1995
   (Incontestable Registration)

   (2) **MATCH.COM MAKE LOVE HAPPEN & Design**
   U.S. Reg. No. 3,518,254 for "Computer services, namely, providing information in the nature of on-line dating and introduction services" (Int'l. Cl. 45)
   Date of Registration: October 14, 2008
   Application Date: November 4, 2005
   Use in Commerce: August 8, 2008

5



(3)  **LOVE IS COMPLICATED.  MATCH.COM IS SIMPLE**
U.S. Reg. No. 3,518,165  for "Computer services, namely, providing information regarding, and in the nature of, on-line dating and introduction services" (Int'l. Cl. 45)
Date of Registration: October 14, 2008
Application Date:     May 10, 2005
Use in Commerce:      August 8, 2008

Copies of these registrations (which collectively comprise the "Registered MATCH.COM® Marks") are attached as Exhibits A(1) – A(3).

16.  Match.com has also developed a complete family of "MATCH" marks to identify additional products or services that might be of interest to its diverse community of members, including **MATCHWORDS®** (U.S. Reg. No. 3,299,484), **MATCH TALK®** (U.S. Reg. No. 3,206,334), **MATCH.COM PLATINUM®** (U.S. Reg. No. 3,323,423), **MY MATCH™**, and **MATCHMOBILE™**. *See* Exhibit D.  (The above marks, along with the Registered MATCH.COM® Marks collectively comprising "the MATCH Marks").  By virtue of the strength and breadth of this family of marks, consumers, potential consumers, and the public at large associate goods or services branded with the name "MATCH" as emanating from, or being sponsored by, Match.com, thus affording Match.com strong trademark rights.

17.  By operation of law, the MATCH.COM® registrations constitute *prima facie* evidence of the validity of the Registered MATCH.COM® Marks, and of

Match.com's "exclusive right to use" the MATCH.COM® name on or in connection with, on-line dating and introduction services. *See* 15 U.S.C. §1115.

18. As a result of Match.com's long and extensive use of the distinctive Registered MATCH.COM® Marks, and in part due to Match.com's advertising of the brand and the favorable reviews and publicity the MATCH.COM® service has received over the years, Match.com's Registered MATCH.COM® Marks are well known among potential consumers for dating or introduction services, both in the United States and abroad. As such, Match.com is entitled to broad protection for its valuable intellectual property against infringement.

### Defendants' Infringing Activities

19. Defendants offer online "adult dating" services through the websites XXXMATCH.COM and EROTICMATCH.COM.

20. The XXXMATCH.COM and EROTICMATCH.COM websites were designed by Defendants to make consumers believe mistakenly that the dating services offered through them are associated with the MATCH.COM® service, and/or that they emanate from Match.com, thus trading off of Match.com's goodwill..

21. For example, Defendants chose with both of these websites to highlight the "MATCH.COM" portion of the website name, and to display it in a font and style similar to that used by Match.com, as illustrated below:

7



**Defendant's Use of "MATCH.COM" on XXXMATCH.COM**



**Match.com's Use of the MATCH.COM® Mark**



**Defendant's Use of "MATCH.COM" on EROTICMATCH.COM**



**Match.com's U.S. Reg. No. 3,518,254**

*See* Exhibits E (pages from xxxmatch.com), F (eroticmatch.com), G (match.com).

22. Even more egregious, Defendants are using the slogan "LOVE IS COMPLICATED. SEX IS SIMPLE" as a tagline to the EROTICMATCH.COM mark, *see* Exhibit F, an obvious reference to Match.com's federally registered LOVE IS COMPLICATED. MATCH.COM® IS SIMPLE trademark.

8

23. As a result of Defendants' actions, consumers are likely to be confused or misled into believing that Defendants' XXXMATCH.COM and EROTICMATCH.COM services are somehow affiliated with Match.com or the MATCH.COM® Service.

24. On information and believe, each of the Defendants had actual knowledge of the unlawful activity complained of herein and either induced, caused, or materially contributed to that activity, or ratified and adopted the unlawful acts, thus making them all either directly or secondarily liable, including as joint tortfeasors. For example, Kamparri is the owner (and licensor) of the xxxmatch.com and eroticmatch.com domain names; Fiesta is identified in U.S. Trademark Office filings as the owner (and licensor) of the XXXMATCH.COM and EROTICMATCH trademarks; Cytek is identified as the "operator" of each of the infringing websites; and Mr. Rickham is listed as a "Director" of Fiesta and signed Fiesta's application to register EROTICMATCH as a trademark, which application included a printout of the infringing EROTICMATCH.COM website as a "specimen," thus confirming Mr. Rickham's actual knowledge of the use.

## COUNT I

### Infringement of a Registered Trademark
### Under Federal Law
### (Including Through the Use of a Counterfeit Mark)

25. This cause of action is for infringement of a registered trademark under Section 1114 of Title 15 of the United States Code ("Section 32 of the Lanham Act"), including through the use of a counterfeit mark as defined in Sections 1116(d) and

9

1127 of Title 15.  In support thereof, Match.com repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendants' use of the XXXMATCH.COM and EROTICMATCH.COM names, and of the LOVE IS COMPLICATED.  SEX IS SIMPLE tagline, in connection with the provision of online dating services constitutes infringement of the Registered MATCH.COM® Marks in violation of Section 32 of the Lanham Act because such use is likely to cause confusion, mistake, and deception as to the origin of services sold or provided in connection with those names, and it is likely to mislead consumers and potential consumers into believing that such services are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Match.com, or that services sold or provided under Match.com's Registered MATCH.COM® Marks are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Defendants.

27. Defendants' use of the XXXMATCH.COM and EROTICMATCH.COM names, and of the LOVE IS COMPLICATED.  SEX IS SIMPLE tagline, in connection with the provision of online dating services trades upon the goodwill that Match.com has established in its distinctive Registered MATCH.COM® Marks.

28. Pursuant to Sections 1117(a) and (b) of Title 15, Match.com is entitled to recover three times any profits Defendants have earned from the provision of any services under their counterfeit marks, or three times the amount of damages that

Match.com has suffered as a result of such sales, whichever is greater, together with Match.com's reasonable attorneys' fees and the costs of this action.

29. Further, Defendants have engaged and continue to engage in the above-complained of activity knowingly, willfully, and in bad faith, thus independently justifying the assessment of treble damages against them as joint tortfeasors in an amount to be determined at the time of trial, along with Match.com's reasonable attorneys fees and the costs of this action.

30. The aforesaid acts have caused Match.com to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

31. The aforesaid acts of Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Match.com for which it has no adequate remedy at law.

## COUNT II

### Unfair Competition, False Representation, and False Designation of Origin Under Federal Law

32. This cause of action is for unfair competition, false representation, and false designation of origin arises under Section 1125(a) of Title 15 of the United States Code ("Section 43(a) of the Lanham Act"). In support thereof, Match.com repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendants' use of the XXXMATCH.COM and EROTICMATCH.COM names, and of the LOVE IS COMPLICATED. SEX IS SIMPLE tagline, in connection with the provision of online dating services constitutes unfair competition with Match.com in violation of Section 43(a) of the Lanham Act because such use is likely to cause confusion, mistake, and deception as to the origin of services sold or provided in connection with those names, and it is likely to mislead consumers and potential consumers into believing that such services are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Match.com, or that services sold or provided under the MATCH® Marks are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Defendants.

34. Defendants' use of the XXXMATCH.COM and EROTICMATCH.COM names, and of the LOVE IS COMPLICATED. SEX IS SIMPLE tagline, in connection with the provision of online dating services constitutes a false representation and false designation of origin in violation of Section 43(a) of the Lanham Act in that such use tends to describe or represent that services sold or provided in connection with those names or taglines are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Match.com, or that services sold or provided under the MATCH® Marks are somehow affiliated with, or are sponsored, authorized, approved, or sanctioned by, Defendants.

35. Defendants' use of the XXXMATCH.COM and EROTICMATCH.COM names, and of the LOVE IS COMPLICATED. SEX IS SIMPLE tagline, in connection

with the provision of online dating services trades upon the goodwill that Match.com has established in its distinctive Registered MATCH.COM® Marks.

36. Pursuant to Section 1117(a) of Title 15, Match.com is entitled to recover three times any profits Defendants have earned from the provision of any services under their counterfeit marks, or three times the amount of damages that Match.com has suffered as a result of such sales, whichever is greater, together with Match.com's reasonable attorneys' fees and the costs of this action.

37. Defendants have engaged and continue to engage in the above-complained of activity knowingly, willfully, and in bad faith, so as to justify the assessment of treble damages against them as joint tortfeasors in an amount to be determined at the time of trial, along with Match.com's reasonable attorneys fees and the costs of this action.

38. The aforesaid acts have caused Match.com to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

39. The aforesaid acts of Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Match.com for which it has no adequate remedy at law.

## COUNT III

### Cyberpiracy Under Federal Law

40. This cause of action is for cyberpiracy under Section 1125(d) of Title 15 of the United States Code ("Section 43(d) of the Lanham Act"). In support thereof, Match.com repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendants' registration and use of the xxxmatch.com and eroticmatch.com domains names in connection with the provision of online dating services constitutes cyberpiracy in violation of Section 43(d) of the Lanham Act because Defendants have registered and used those domain names in bad faith (as define in Section 43(d)), and those domains are confusingly similar to Match.com's registered MATCH.COM® Mark (U.S. Reg. No. 2,088,545).

42. Defendants have engaged and continue to engage in the above-complained of activity knowingly, willfully, and in bad faith, so as to justify the assessment of treble damages against them as joint tortfeasors in an amount to be determined at the time of trial, along with Match.com's reasonable attorneys fees and the costs of this action.

43. The aforesaid acts have caused Match.com to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

44. The aforesaid acts of Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Match.com for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Match.com, L.L.C. prays for an Order and judgment:

A. That Defendants, Fiesta Catering International, Inc. (Barbados); Fiesta Catering International, Inc. (Anguilla); Cytek Limited.; Kamparri Trading Ltd.; David N. Richkam, and John Does 1-4, along with any officers, agents, representatives, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be permanently enjoined from:

(1) Using the names XXXMATCH, EROTICMATCH, or MATCH (all with or without a domain extension, such as ".com"), the slogans LOVE IS COMPLICATED. SEX IS SIMPLE or LOVE IS COMPLICATED. MATCH.COM IS SIMPLE, or any other reproduction, copy, colorable imitation, or confusingly similar variation of any of the above, as a mark or slogan or as any portion of a mark, slogan, or domain name that is to be used in the connection with the sale or provision or any good or service;

(2) Engaging in acts that constitute infringement, unfair competition, false representation, or false designation of origin, under the trademark laws of the United States and which would damage or injure Match.com; or

      (3)     Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts.

B.    That Defendants be required to take any actions as may be directed by this Court for the purpose of remedying and alleviating any consumer confusion or any loss of goodwill suffered by Match.com as a result of Defendants' prior acts;

C.    That in accordance with 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction as the Court shall direct, any and all goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements (and the like) in their possession or under its custody or control that use the XXXMATCH, EROTICMATCH, or LOVE IS COMPLICATED. SEX IS SIMPLE names or slogan, including but not limited to any unsold merchandise;

D.    That in accordance with 15 U.S.C. §1116, Defendants be directed to file with the Court and serve on Match.com, no later than thirty days after receiving service of this Order, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Order;

E.    That in accordance with 15 U.S.C. § 1117(a) and (b), Defendants be ordered to:

    (1)     Account for and pay over to Match.com an amount equal to three times all of the gains, profits, savings, and advantages realized by Defendants as a result of their unlawful activities;

    (2)     Pay over to Match.com an amount equal to three times the amount of damages sustained by Match.com as a result of Defendants' unlawful activities, said amount to be determined by this Court;

    (3)     Reimburse Match.com for the costs of this action; and

        (4)    Reimburse Match.com for any reasonable attorney fees incurred as a result of Defendants' unlawful activities, including all attorney fees incurred during this action

F.    That in accordance with 15 U.S.C. § 1117(c), Match.com be given an opportunity to may elect, at a time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for use of the XXXMATCH.COM, EROTICMATCH.COM, and/or LOVE IS COMPLICATED. SEX IS SIMPLE marks in connection with the sale, offering for sale, or distribution of goods or services;

G.    That in accordance with 15 U.S.C. § 1117(d), Match.com be given an opportunity to may elect, at a time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for use of the xxxmatch.com and eroticmatch.com domain names;

H.    That Match.com be awarded both pre-judgment and post-judgment interest on any monies to be paid to Match.com by Defendants;

I.    That in accordance with 15 U.S.C. § 1125(d)(1)(C), the xxxmatch.com and eroticmatch.com domain names, and any other "MATCH.COM" domain names owned by Defendants, be ordered transferred to Match.com;

J.    That in accordance with 15 U.S.C. § 1119, any registration owned by Defendants for any "MATCH" mark (including U.S. Reg. No. 4,105,390 for EROTICMATCH) be ordered cancelled;

K.      That Defendants be ordered to abandon any application to register any mark at issue in this proceeding, including LOVE IS COMPLICATED. SEX IS SIMPLE (Serial No. 85462265) and XXXMATCH.COM (No. 85211248); and

L.      That Match.com be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 6, 2012                  /s/ Erik C. Kane
Edward T. Colbert
William M. Merone (VSB 38861)
Erik C. Kane (VSB 68294)
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

ecolbert@kenyon.com
wmerone@kenyon.com
ekane@kenyon.com

*Counsel for Plaintiff,
Match.com, L.L.C.*

13094/156:944542