### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

|  |  |
|---|---|
| MATCH.COM, L.L.C., | |
| *Plaintiff,* | |
| v. | Civil Action No.: 1:12cv363 AJT (IDD) |
| FIESTA CATERING INTERNATIONAL, INC. (BARBADOS), et al., | |
| *Defendants.* | |

### AMENDED JOINT REPORT OF RULE 26(f) MEETING
### AND PROPOSED CIVIL CASE MANAGEMENT PLAN

In accordance with Federal Rule 26(f), counsel for the parties conferred on **February 11, 2013** and, following a case management conference with the Court on February 27, 2013, submit the following Amended Civil Case Management Plan for the Court's consideration:

### 1.    DISCUSSION OF CLAIMS, DEFENSES AND RELEVANT ISSUES

**A.    Plaintiff's Statement:**

This case concerns Defendants' use of Plaintiff's well-known MATCH.COM® trademarks (as well as marks substantially indistinguishable therefore) for Defendants' dating services.  Plaintiff seeks to put a stop to this counterfeiting activity.

Plaintiff alleges that Defendants have willfully attempted to trade off of Plaintiff's goodwill in the MATCH.COM® marks.  Defendants choose to highlight Plaintiff's trademark with minimal differences and even copied Plaintiff's trademarked slogan.  Defendants were on notice of such egregious behavior at very least by warnings issued by the U.S. Trademark Office

in conjunction with Defendants' prosecution of their own trademark applications.

Plaintiff alleges that each of the Defendants had actual knowledge of the unlawful activity complained of herein and either induced, caused, or materially contributed to that activity, or ratified and adopted the unlawful acts, thus making them all either directly or secondarily liable, including as joint tortfeasors.   Further, Plaintiff alleges that Defendants have engaged in a corporate shell game, attempting to diffuse responsibility (and accountability) for their actions among various corporate shells incorporated through the Caribbean. Notwithstanding the multitude of defendants in different countries, there appears to be several connections and coincidences that suggest that Defendants are one unified entity or, at very least, are one unified effort acting in concert.

As a result of Defendants' attempts to free-ride on Plaintiff's goodwill, Plaintiff is entitled an award of three times any profits Defendants earned as a result of their infringement (15 U.S.C. §1117 (a) or (b)) as well as an injunction against Defendants, and all those in active concert or participation with them, prohibiting, *inter alia*, use of the names XXXMATCH.COM, EROTICMATCH.COM, LOVE IS COMPLICATED. SEX IS SIMPLE, and any other mark confusingly similar to MATCH.COM® or any other trademark owned by Match.com (15 U.S.C. §1116).  In addition, Match.com is entitled to an award of its reasonable attorney fees (15 U.S.C. §1117 (a) or (b)); a transfer of the infringing domain names (15 U.S.C. §1125(d)(1)(C)); and (should it so choose) an award of statutory damages in an amount of up to $2,000,000 per infringing trademark and $100,000 per infringing domain name (15 U.S.C. §1117 (c) and (d)).

Match.com believes that discovery will be required on the topics of, *inter alia*: (1) Defendants' knowledge of Match.com and Match.com's marks; (2) Defendants' involvement in the registration of the domain names and trademarks used on the infringing websites; (3)

Defendants' involvement in the operation of the infringing websites; (4) Defendants' corporate structures, including their interconnected officers and directors, their ultimate owners, and their corporate parents; (5) Defendants' contacts with, including customers and agents residing in, the United States, and Virginia in particular; (6) Defendants' revenues, costs, profits, and other fiscal information; and (7) complaints about Defendants' and their agents.

**B.**     **Defendants' Statement**:

Defendants deny both this Court's jurisdiction and the Plaintiff's allegations.

Defendants vigorously disagree with and oppose Plaintiff's claims.  Defendants believe that discovery is required on all topics set forth in their affirmative defenses and in Cytek's Counterclaim.

## 2.     CASE MANAGEMENT PLAN

**A.**     **General Items/Protective Order** - The parties are currently negotiating a stipulated protective order, which they will submit to the Court shortly for consideration and entry.

**B.**     **E-Discovery -**   The parties have discussed e-discovery and the preservation of electronically stored information, and have agreed to the production of electronic documents as TIFF files with a load file that delineates logical document boundaries, together with text files to ensure that the production maintains any word searchability; provided, however, that spreadsheets shall be produced in native file format.  Each party reserves the right reasonably to request files in native file format.

The parties' counsel have discussed with their respective clients the need to preserve electronic information.

**C.**     <u>**Schedule**</u> - The parties propose that the following dates be set out in the Court's scheduling order.  They do not believe that discovery should be conducted in phases.

i.     <u>Initial Disclosures</u> - all parties serve initial disclosures by **February 27, 2013**.

ii.     <u>Fact & Expert Discovery</u> – Fact and expert discovery to be concluded by **May 10, 2013**.

iii.     <u>Expert Disclosures</u> –

a.  Expert disclosures and reports by any party on an issue for which that party bears the burden of proof, as well as expert disclosures and reports in the nature of any surveys, shall be due on or before **March 25, 2013**;b. Responsive expert disclosures and reports shall due on or before **April 22, 2013**;

c.  Reply expert disclosures and reports shall be due on or before May 3 **, 2013**.

iv.     <u>Dispositive Motions</u> **-** Dispositive motions be filed by no later than **May 15, 2013**.

v.     <u>Motions in Limine</u> – all parties file their motions in limine no later than 21 days prior to the date set for trial.

vi.     <u>Pretrial Filings</u> – all exhibit lists, witness lists, and written stipulation of uncontested facts shall be filed on or before **May 16, 2013.**

vii.      <u>Exhibits</u> - all trial exhibits shall be exchanged prior to the Final Pretrial Conference.  Objections to trial exhibits shall be filed by **May 28, 2013.**

viii.     <u>Final Pretrial Conference</u> – **May 16, 2013.**

### 3.     OTHER MATTERS

The parties discussed whether any limitations on discovery should be imposed that are not already imposed by the Federal and Local rules, and they agreed that they do not think that additional limitations are required at this time.   The parties agree that subpoenas *duces tecum* requesting only documents shall not count against any limitations on the taking of third party depositions.   The parties also discussed consenting to the exercise of jurisdiction by a U.S. Magistrate Judge for trial but would prefer the case remain with the District Court Judge.

Date:  February 27, 2013                              Respectfully Submitted,

For the Plaintiff:                                           For the Defendants:


/s/ Erik C. Kane                                          /s/ Thomas Francis Murphy
Edward T. Colbert (PHV)                        Thomas Francis Murphy (VSB ____)
John W. Bateman (VSB 31987)             FRIEDLANDER MISLER PLLC
William M. Merone (VSB 38861)          1101 17th Street, NW
Erik C. Kane (VSB 68294)                      Suite 700
KENYON & KENYON LLP                        Washington, DC 20036
1500 K Street, N.W.                               Tel.: (202) 872-0800
Washington, DC 20005                          *Local counsel on behalf of:*
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201                           **FELDMAN GALE, P.A.**
ecolbert@kenyon.com                          Jeffrey D. Feldman / *admitted pro hac vice*
wmerone@kenyon.com                          e-mail: jfeldman@feldmangale.com
ekane@kenyon.com                               Susan J. Latham / *admitted pro hac vice*
                                                              e-mail: slatham@feldmangale.com
                                                              One Biscayne Tower, 30th Floor
*Counsel for Plaintiff*                            2 South Biscayne Boulevard
*Match.com, L.L.C.*                                Miami, Florida 33131
                                                              Telephone:  (305) 358-5001
                                                              Facsimile:  (305) 358-3309
                                                               *Counsel for Defendants*
                                                               *Fiesta Catering International, Inc.*
                                                               *(Barbados); Fiesta Catering International,*

*Ltd. (Anguilla); Cytek, Ltd.; and Kamparri Trading Limited.*