**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

| | |
|---|---|
| MATCH.COM, L.L.C. <br><br> Plaintiff, <br><br> v. <br><br> FIESTA CATERING INTERNATIONAL, INC., (Barbados); FIESTA CATERING INTERNATIONAL, INC., (Anguilla); CYTEK, LTD.; KAMPARRI TRADING LIMITED; DAVID N. RICKHAM (an individual); and JOHN DOES 1-4 (individuals not yet identified) <br><br> Defendants. | CASE NO.: 1:12-cv-363 AJT (IDD) |

### CYTEK, LTD.'S FIRST AMENDED COUNTERCLAIM

Counter-plaintiff Cytek, Ltd. ("Cytek"), for its First Amended Counterclaim against Match.com, L.L.C. ("Match" or "Counter-defendant"), alleges as follows:

**Jurisdiction and Venue**

1. This action arises out of an actual controversy commenced by Match wherein it is alleging, *inter alia*, that Cytek (among others) is infringing its trademarks including, but not limited to: "MATCH.COM" (Registration no. 2,088,545); "MATCH.COM PLATINUM" (Registration no. 3,323,423); "MATCHWORDS" (Registration no. 3299484); and "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" (Registration no. 3,518,165) (collectively, the "Match Registered Marks").

2. In this action, Cytek seeks a declaration that the Plaintiff's trademarks are invalid and unenforceable, along with an order directing the USPTO to cancel the Match Registered Marks from the Principal Register, pursuant to 28 U.S.C. §§ 2201-2202 and 15 U.S.C. §§ 1119.

3. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201-2202.

4. This Court has personal jurisdiction over Match because Match chose this forum and voluntarily submitted itself to jurisdiction of this Court by commencing this action on April 2, 2012.

5. Venue is proper under 28 U.S.C. § 1391(c) given that Match is deemed to reside in this District because Match is subject to personal jurisdiction in this District with respect to this action.

**The Parties**

6. Plaintiff Cytek is limited company organized under the laws of Anguilla and having a registered place of business at Babrow Building, P.O. Box 371, The Valley, Anguilla, British West Indies.

7. Defendant Match.com, L.L.C. is a limited liability company organized under the laws of the State of Delaware and having a principal place of business at 8300 Douglas Avenue, Suite 800, Dallas, Texas 75225.

**Counter-defendant's Threats to Plaintiffs' Property**

8. Cytek licenses and uses the trademarks XXXMATCH.COM™ and EROTICMATCH® (Registration No. 4,105,390) for the operation of websites through which it offers casual-sex dating ("hook-up") services to consenting adults. Cytek's subject

websites are located at the domain names xxxmatch.com and eroticmatch.com (the "Erotic Domains").

9. The trademarks XXXMATCH.COM™ and EROTICMATCH® (Registration No. 4,105,390) have been in use in connection with casual-sex dating ("hook-up") services for consenting adults since at least November 26, 2009 and March 28, 2011 respectively.

10. On April 2, 2012, Match filed this action against Cytek and others for trademark infringement, unfair competition, cyberpiracy, false designation of origin and false representation pursuant to 15 U.S.C. §1051, *et seq.*.

11. Prior to commencing this action, Counter-defendant Match had filed an opposition proceeding (no. 91199991) before the Trademark Trial and Appeal Board ("TTAB") of the USPTO against the pending application no. 85211248 to register the XXXMATCH.COM™ trademark (the "XXX-TTAB Proceeding"). On June 27, 2012, Match requested a suspension of the XXX-TTAB Proceeding pending disposition of this action. As a result, the XXX-TTAB Proceeding is currently suspended, and the application for federal registration of XXXMATCH.COM™ is, effectively, on hold and cannot progress.

12. In this action, Match has alleged that consumers associate "goods or services branded with the name 'MATCH' as emanating from, or being sponsored by" it. Thus, Match is claiming that it owns exclusive rights over the term "MATCH".

13. Match has based its claims in this action on its alleged ownership of a "family" of purported "MATCH" trademarks, which includes both common law and registered marks

including the Match Registered Marks and MATCHMOBILE™; MY MATCH™; MATCH TALK®; MATCH.COM MAKE LOVE HAPPEN & Design®.

14. In this action, Match is seeking, *inter alia*, to permanently enjoin Cytek and others from using the names MATCH, XXXMATCH, or EROTICMATCH (with or without a top-level domain extension), to have any registration "for any 'MATCH' mark (including U.S. Reg. No. 4,105,390 for EROTICMATCH, which Cytek licenses) cancelled, an order forcing Fiesta to abandon its application to register XXXMATCH.COM™, and to have the Erotic Domains transferred to the Counter-defendant.

15. However, upon information and belief, some or all of the marks in Plaintiff's family of "MATCH" trademarks are not distinctive because of their generic nature and, therefore, not enforceable and invalid.

16. Upon information and belief, Match has abandoned its "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" tagline and, therefore, it is not enforceable as a trademark.

**Counter-defendant's Match Marks Are Generic**

17. Plaintiff offers an online matching service, or online matchmaking.

18. Plaintiff's service is not simply to enable dating, but to match people who are seeking a relationship with a "special someone."

19. Plaintiff has a history of using the terms "matchmaking", "matching" and "match" to refer to the category of services it offers to consumers.

20. Indeed, for years, Plaintiff described, advertised and promoted its services to consumers as "online matchmaking" services, an example of which is shown below:

21. 

22. Plaintiff has registered its "MATCH.COM PLATINUM" mark (Registration no. 3,323,423) for "Matchmaking services."

23. Third-party publications have also described Plaintiff's services as "matchmaking."

24. Plaintiff has repeatedly used the term "matching" in the merely descriptive sense to describe its service, through—for example—the use of such terms as "two-way matching", "total attraction matching", "speed matching", and "personality matching", along with which Plaintiff informed consumers that they would "find matches."

25. Plaintiff's service relies on matching algorithms to match its members, such as its Synapse Intelligent Matching software.

26. Similarly, Plaintiff has, throughout the years, used the term "match" in the merely descriptive sense to describe the purpose of its service to consumers, through the use of such phrases as "Meet Your Match" and "Find Your Match."

27. Plaintiff has also used the term "Match" to describe a function or menu item of its services distinct from its search function, an example of which is shown below:



5

28. Plaintiff's parent company uses the descriptive phrase "The Match Segment" to describe all of its online dating and related operations.

29. One of the companies within the Match Segment, OkCupid, has referred to the websites offering online dating services as "matching sites."

30. As a result, there is an almost a universal understanding of the term "match", particularly when paired with the ".com" top-level domain designation, as merely describing online dating or a feature thereof. Indeed, the principal significance of the term "match.com" in the marketplace is to indicate the nature or class of the service, not to indicate an exclusive origin.

31. Therefore, allowing Plaintiff to monopolize the term "match.com" for use in relation to online dating, matching or matchmaking services would render competitors unable to effectively name or communicate to consumers what they are endeavoring to sell.

32. There are many third-party uses of "match" and/or "match.com" to offer and/or advertise online dating services, some examples of which include, but are not limited to: 100PERCENTMATCH; ACTUALMATCH; ACUMATCH; ADULTMATCH.COM; ASIANMATCH.COM; ASTROMATCH; BANGMATCH.COM; BLACKMATCH.COM; BLACKSEXMATCH.COM; BLUESMATCH.COM; CALIFORNIAMATCH.COM; CANCERMATCH.COM; CATHOLICMATCH; COMPLETEMATCH.COM; CONSCIOUSMATCH.COM; CONSERVATIVE MATCH; COUNTRYMATCH.COM; DEAFMATCH.COM; DEAF-MATCH.NET; DHARMAMATCH; DINNERMATCH; ELITELOVEMATCH.COM; EZMATCH.COM; FANTASYMATCH.COM; FASTMATCH.COM; FETISHMATCH.COM; FILIPINAMATCH.COM;

FREESEXMATCH.COM; GOTHICMATCH.COM; GREATMATCH.COM; HEPC-MATCH.COM; HOOKUPMATCH.COM; HORNYMATCH.COM; HOTMATCH; INDIANMATCH.COM; INDIANAMATCH.COM; INDULGENCEMATCH; INTELLIMATCH; INTERNATIONALMATCH.COM; INTERRACIALMATCH.COM; INTROMATCH; JMATCH.COM; JRETROMATCH; JWMATCH.COM; KINKYMATCH.COM; LATINO MATCH; LIFETIMEMATCH.COM; LOCALMATCH.COM; LOUISIANAMATCH.COM; LOVEMATCH.COM; MAGIC MATCH; MALEMATCH.NET; MARRIEDMATCH.COM; MATCH.NET; MATCH.ORG; MATCHMILLIONAIRES.COM; MATCHMYSPIRIT; MATCHON.COM; MATCHSTD.COM; MILLIONAIREMATCH.COM; MOMMYMATCH.COM; MUSLIMMATCH.COM; NASTYMATCH.COM; NOBLEMATCH; OUTMATCH.COM; PASSIONMATCH; PETLOVERSMATCH.COM; PICKUPMATCH; PREMIER MATCH; PUNKMATCH.COM; QUEERMATCH.COM; RAVEMATCH.COM ROMANTIC-MATCH.COM; RUSSIANLOVEMATCH.COM; SANTAMATCH.COM; SEARCH-MATCH-DATING.COM; SENIORMATCH.COM; SEXMATCH.COM; SEXUALMATCH.COM; SEXYMATCH.COM; SINGLE MUSLIM MATCH; SINMATCH; SOULMATCH; STARMATCH; SUCCESSFULMATCH.COM; SUITABLEMATCH.COM; SUREMATCH; SWEETMATCH.COM; THEARABMATCH.COM; TRUMATCH; ULTIMATEMATCH.COM; USAMATCH.COM; VIRTUMATCH.COM; VMATCH.COM; WESTERN MATCH; WINELOVERSMATCH.COM; XMATCH; YOGAMATCH; and ZUSMATCH.

33. Such widespread use in the marketplace further indicates that the principal significance of the term "match.com" in the marketplace is to refer to the nature or class of the service, not to indicate an exclusive origin.

34. The marks within Counter-defendant's family of "MATCH" trademarks merely describe the Counter-defendant's online service and/or the functions thereof. Therefore, those marks are generic and cannot function as valid, enforceable service marks.

### Counter-defendant Involuntarily Abandoned its Match Marks Through a Failure to Police Third-Party Use

35. Throughout the years, Counter-defendant has failed to monitor and police third-party use of the terms "match.com" and "match" in the marketplace for online dating.

36. As a result, the marketplace has become crowded with hundreds of third-party uses of "match" and/or "match.com" to offer and/or advertise online dating services to consumers. Examples of some of the third-party uses include, but are not limited to, those set forth in Paragraph 32 above.

37. As a result of Counter-defendant's failure to monitor and police third-party use of the terms "match.com" and "match" in the marketplace for online dating, the marks within Counter-defendant's family of "MATCH" trademarks have lost significance as an indication of origin.

38. The marks within Counter-defendant's family of "MATCH" trademarks are no longer capable of functioning among consumers as a designation of an exclusive source for online dating. Thus, they are invalid and unenforceable.

**Counter-defendant Abandoned its "Love Is Complicated. Match.com Is Simple" Mark**

39. The Counter-defendant has stated to the USPTO that it began using the tagline "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" as a trademark on or about August 8, 2008.

40. Upon information and belief, Counter-defendant ceased using its "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" tagline in the United States in the year 2009.

41. Upon information and belief, Counter-defendant did not resume use of the "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" mark throughout the years 2010, 2011 and/or 2012.

42. Upon information and belief, Counter-defendant has not resumed use of the "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" tagline through the present date and has no intention to resume use of the mark in commerce in connection with online dating services.

43. Upon information and belief, Counter-defendant decided to cease use of the "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" tagline due to translation problems during its international expansion.

44. Upon information and belief, Counter-defendant replaced the "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" tagline with the "MILLIONS OF POSSIBILITIES TO MEET YOUR MATCH" tagline.

45. Therefore, Counter-defendant knowingly and voluntarily abandoned its "LOVE IS COMPLICATED. MATCH.COM IS SIMPLE" mark, which renders it unenforceable.

46. All conditions precedent to the maintenance of this counterclaim have either been waived, excused, performed or have occurred.

## FIRST CAUSE OF ACTION

*Declaration of Invalidity and Cancellation from the USPTO's Principal Register of trademarks.*

47. Counter-plaintiff restates and realleges each and every allegation within Paragraphs 1 through 46 as though they are fully set forth in this Paragraph.

48. As set forth above, an actual case or controversy exists as to the validity or invalidity of the marks within the Plaintiff's "family" of "MATCH" trademarks.

49. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may determine the parties' rights and legal relations with the respect to the trademarks at issue in this controversy. Counter-plaintiff is entitled to all appropriate remedies available under 28 U.S.C. §§ 2201-2202, as well as under 15 U.S.C. § 1051, *et seq.*, including but not limited to a declaration of the parties' respective rights and injunctive relief.

50. Pursuant to 15 U.S.C. § 1119, this Court may determine whether Counter-defendant has a right to maintain its registration of the Match Registered Marks and/or any other registered mark within the Plaintiff's family of "MATCH" marks, may order the cancellation of any such registered marks from the record of the United States Patent and Trademark Office, in whole or in part, and/or otherwise rectify the USPTO's register of trademarks.

51. Counter-plaintiff requests a declaration that the marks within Plaintiff's family of "MATCH" trademarks, whether individually or collectively, are unenforceable and invalid, and a certified order by the Court to the Director of the United States Patent and Trademark Office

directing that the Match Registered Marks, along with any other registered mark within Plaintiff's family of "MATCH" trademarks, be cancelled from the Principal Register of trademarks.

## PRAYER FOR RELIEF

**WHEREFORE**, Counter-plaintiff prays for an Order and Judgment as follows:

A.  That the Court declare that MATCH.COM to be generic for online dating services in the nature of matching people seeking a relationship.

B.  That the Court declare that MATCH.COM has lost significance as an indication of origin through the Counter-defendant's failure to monitor and police third-party use of the terms "match.com" and "match" in the marketplace for online dating.

C.  That the Court declare that each of the Match Registered Marks to be invalid and unenforceable.

D.  That the Court likewise declare that each of the remaining marks within Counter-defendant's family of "MATCH" marks, whether a registered or common law mark, to be invalid and unenforceable.

E.  That the Court order the United States Patent and Trademark Office to cancel Plaintiff's trademarks MATCH.COM (Registration no. 2,088,545); MATCH.COM PLATINUM (Registration no. 3,323,423); MATCHWORDS (Registration no. 3299484); and LOVE IS COMPLICATED. MATCH.COM IS SIMPLE (Registration no. 3,518,165); MATCH TALK®; MATCH.COM MAKE LOVE HAPPEN & Design® from its Principal Register of trademarks.

F. That the Court enjoin Counter-defendant from proceeding with the XXX-TTAB Proceeding and order directing the Counter-defendant to voluntarily dismiss the XXX-TTAB Proceeding with prejudice.

G. That the Court grant Counter-plaintiff its reasonable attorneys fees, costs and expenses incurred in this actual case and controversy pursuant to 15 U.S.C. § 1117(a); and

H. That the Court award the Counter-plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Counter-plaintiff demands a jury trial on all issues in its Counterclaim that are so triable.

Dated: March 12, 2013                    Respectfully submitted,

By: /s/ *Thomas Murphy*
Thomas Murphy / Va. Bar no. 44386
e-mail: tmurphy@dclawfirm.com
**FRIEDLANDER MISLER, PLLC**
5335 Wisconsin Avenue, NW
Suite 600
Washington, DC 20015
Telephone: (202) 872-0800
Facsimile: (202) 857-8343

*Local counsel on behalf of:*

**FELDMAN GALE, P.A.**
Jeffrey D. Feldman / *admitted pro hac vice*
e-mail: jfeldman@feldmangale.com
Susan J. Latham / *admitted pro hac vice*
e-mail: slatham@feldmangale.com
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5001
Facsimile: (305) 358-3309
*Counsel for Defendants: Cytek, Ltd., Fiesta International, Inc. (Barbados), Fiesta Catering International, Inc. (Anguilla), and Kamparri Trading Limited.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, March 12, 2013, the foregoing document(s) was filed through the ECF system and is being served on all counsel of record or pro se parties in this matter who are identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

                                              /s *Thomas Murphy*
                                                Thomas Murphy

## SERVICE LIST

Edward T. Colbert
John W. Bateman
William B. Merone (Va. Bar no.38861)
Erik C. Kane (Va. Bar no. 68294)
**KENYON & KENYON, L.L.P.**
*Counsel for Match.Com, L.L.C.*
1500 K Street, N.W.
Washington, DC 20005
Telephone: 202-220-4200
Facsimile: 202-220-4201